AO 91 (Rev. 08/09)   Criminal Complaint                                                    EC/TP

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br>Bradford James Thompson, II<br>300 Powhatan Ave<br>Columbus, Ohio 43204<br>*Defendant(s)* | Case No.   2:23-mj-9 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   Janaury 2008 to July 2022   in the county of   Franklin   in the   Southern   District of   Ohio  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U. S.C. §§ 841(a)(l), 841(b)(l)(C), 841(b)(2), and 846. | Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl (Schedule II), Cocaine (Schedule II), Cocaine Base (Schedule II), Methamphetamine (Schedule II), Heroin (Schedule I), Marijuana (Schedule I), Alprazolam (Schedule IV), and Oxycodone (Schedule II) |

This criminal complaint is based on these facts:

See attached affidavit incorporated herein by reference

☑ Continued on the attached sheet.

*Complainant's signature*

Trace Way, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Chelsey M. Vascura
United States Magistrate Judge
*Judge's signature*

Date:   1/6/2023

City and state:        Columbus, Ohio              Chelsey M. Vascura, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**In the matter of:**

**United States of America**
v.
**Bradford James Thompson, II**
**300 Powhatten Road**
**Columbus, Ohio 43204**

Case No.:   2:23-mj-9

Magistrate Judge Vascura

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Trace S. Way, a Special Agent with Homeland Security Investigations, having been duly sworn, state the following:

### INTRODUCTION

1. Your Affiant is a Special Agent an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

2. I am a Special Agent with HSI assigned to the Office of the Assistant Special Agent in Charge, Columbus, Ohio. I am currently assigned to the Central Ohio Human Trafficking Task Force (COHTTF). HSI has employed me since November of 2019. Prior to becoming a Special Agent with HSI, I served as a U.S. Border Patrol Agent for approximately two years and a Customs and Border Protection Officer for approximately four years; having begun my federal law enforcement career in August 2013. As a Special Agent my responsibilities and duties include the investigation and enforcement of federal laws and regulations related to customs and immigration violations, including but not limited to narcotics, financial crimes, fraud, human trafficking, and violations of the Immigration and Nationality Act. During my tenure as a Special Agent, I have participated in State and Federal investigations involving the illegal possession of firearms and narcotics in conjunction with human trafficking and prostitution, human trafficking, and narcotics trafficking.

3. I have participated in the execution of search warrants and arrests related to the above-referenced offenses. I have seized or assisted in seizing contraband and evidence, including currency, narcotics, firearms, and documentary evidence, which includes electronically stored documents. I have received criminal investigative training, including 26 weeks of intensive training at the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia. This training included instruction on the methods used by criminals to violate the laws of the United States and evade detection by law enforcement. I have had formal and

on-the-job training in matters involving human trafficking and narcotics trafficking from instructors, supervisors, and colleagues. I have been personally involved in investigations concerning the possession, manufacture, transportation, distribution, and importation of controlled substances, as well as methods used to finance drug transactions. I am knowledgeable in the enforcement of state and federal laws pertaining to narcotics and dangerous drugs.

## PURPOSE OF AFFIDAVIT

4. This affidavit is made in support of an application for a federal arrest warrant and criminal complaint against Bradford J. **THOMPSON**, for Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl, Cocaine, Cocaine Base, Methamphetamine, Heroin, Marijuana, Alprazolam, and Oxycodone in that he and others, both known and unknown to the Grand Jury, did knowingly, intentionally, and unlawfully conspire with with others, to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl], propanamide, commonly referred to as "fentanyl, " a Schedule II controlled substance; a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance; a mixture or substance containing a detectable amount of cocaine base, commonly referred to as "crack," a Schedule II controlled substance; a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance; a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance; a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance; a mixture or substance containing a detectable amount of oxycodone, a Schedule II controlled substance; and a mixture or substance containing a detectable amount of alprazolam, a Schedule IV controlled substance, in violation of 21 U. S.C. §§ 841(a)(l), 841(b)(l)(C), 841(b)(2), and 846.

5. My knowledge of this investigation is based upon my own personal observations, as well as the observation and investigation conducted by other law enforcement officers knowledgeable of the facts and circumstances involved in the subject investigation. I have not included in this Affidavit all the facts known to me, but only that information sufficient to establish probable cause to believe that Bradford J. **THOMPSON** committed violations of 21 U. S.C. §§ 841(a)(l), 841(b)(l)(C), 841(b)(2), and 846.

## SUMMARY OF PROBABLE CAUSE

6. In 2021, the Central Ohio Human Trafficking Task Force (COHTTF) initiated an investigation into Cordell **WASHINGTON** aka "Bro" aka "Dub" and Patrick **SAULTZ** aka "White Boy Pat", who are alleged to be the leaders of a Drug Trafficking Organization (DTO) in Columbus, Ohio. Investigators have since learned this DTO is engaged in a large-scale conspiracy involving narcotics distribution, sex trafficking, fraud, and money laundering. The results of the investigation thus far have indicated that the DTO is bringing in large quantities of fentanyl and cocaine into Columbus, Ohio.

These drugs were being sold in and around the Columbus area while simultaneously being used to coerce individuals to engage in sexual activity for profit, from which the DTO benefits. In beginning their investigation into the sex trafficking portion of this DTO, the COHTTF learned that **SAULTZ** was already under investigation with the DEA along with his co-target **WASHINGTON** since 2020.

7. In December 2020, DEA task force members were contacted by Columbus Division of Police (CPD) Narcotics Detectives about numerous complaints out of the residence of 715 South Burgess Avenue in Columbus, Ohio. It had reported that this address was attributed to the distribution of illegal drugs. The information from the investigation revealed that numerous sources identified **WASHINGTON** as the source of supply for the distribution of the narcotics. CPD believed **WASHINGTON** was a high-level target subject and was dealing illegal drugs to customers in bulk.

8. On December 17, 2020, a CPD Narcotics confidential source (CS #1) purchased approximately 0.1 of a gram of crack cocaine, with "buy money" provided by CPD to CS#1, from a male inside 715 South Burgess Avenue in Columbus, Ohio, now known to be **WASHINGTON.** Shortly after CS#1 exited the 715 S. Burgess address, CPD Narcotics detectives executed a search warrant at the location. Items recovered from the residence include crack cocaine, powder cocaine, fentanyl, heroin, marijuana, two loaded handguns, one set soft body armor, one set rifle plate body armor, $5,295.00 cash in small denominations which were consistent with drug trafficking, and the "buy money" used by CS#1. Your affiant believes 715 South Burgess was a drug distribution location for this DTO, and your affiant would note that Bradford **THOMPSON** was encountered inside the residence during the execution of the search warrant.

9. In addition to being present during the execution of the search warrant at 715 South Burgess as noted above, **THOMPSON** was also encountered during the execution of a search warrant at 90 North Warren Avenue in Columbus, Ohio on October 21, 2021. This residence is known to investigators as a drug distribution location for this DTO.

10. On May 17, 2022, a federal court order for the interception of wire and electronic communications for three separate telephone lines being utilized by **WASHINGTON** was obtained as it related to the investigation into this DTO and their illegal activities. On June 17, 2022, that federal court order was renewed for the continued wire and electronic interceptions of the telephone lines associated to **WASHINGTON**.

11. On June 9, 2022, a federal court order for the interception of wire and electronic communications for the telephone line being utilized by **SAULTZ** was obtained as it related to the investigation into this DTO and their illegal activities.

12. Based on the information obtained in the wire and electronic communications, in conjunction with the history of the investigation and the physical and electronic surveillance of this DTO, between June 29, 2022, and July 1, 2022, law enforcement executed ten search warrants on residences and storage facilities and four search warrants

on vehicles related to the DTO led by **WASHINGTON** and **SAULTZ**. The searches of those locations, led to the seizure of over $1,000,000 in U.S. currency, copious amounts of narcotics including fentanyl, crack cocaine, and powder cocaine, and over 40 firearms.

13. On June 29, 2022, search warrants were executed at the residences of 140 Whitethorne Avenue in Columbus, Ohio; 559 South Burgess Avenue in Columbus, Ohio; 150 Balderson Drive in Pickerington, Ohio; 430 A South Warren Avenue in Columbus, Ohio; 430 B South Warren Avenue in Columbus, Ohio; 505 South Harris Avenue in Columbus, Ohio; and 139 South Princeton Avenue in Columbus, Ohio. Your affiant would note that throughout the course of this investigation, **THOMPSON** was believed to have been observed through both physical and electronic surveillance at multiple locations associated with the DTO, including some of the addresses listed above.

14. During the execution of the above noted search warrants, the following individuals were arrested pursuant to federal criminal complaints: **SAULTZ, WASHINGTON**, David **PRICE**, Tyler **BOURDO**, Tavarryuan **JOHNSON, ALLISON** Smith, and Alexis **LEWIS**.

15. On June 30, 2022, the Grand Jury returned an indictment for numerous target subjects related to this DTO, to include **WASHINGTON, SAULTZ, ALLISON, PRICE, BOURDO, LEWIS,** and **JOHNSON**, who were charged with federal offenses related to drug trafficking and conspiracy to commit the like.

16. In or about July 2022, an interview was conducted with a cooperative source (CS#2). During this interview, CS#2 stated he/she worked with Bradford **THOMPSON** in approximately during 2014. CS#2 stated **THOMPSON** would bring drugs to CS#2 that **THOMPSON** obtained from **SAULTZ** during this time.

17. In or about July 2022, an interview was conducted with another cooperative source (CS#3). During this interview, CS#3 spoke about a drug overdose that had occurred at 90 North Warren involving the victim, S.B. In summary, CS#3 stated S.B. had overdosed at the 90 North Warren residence in Columbus, Ohio. According to CS#3, **Brad,** who your affiant knows to be Bradford **THOMPSON**, put S.B. in the bathtub, administered Narcan to her, and put cold water on her, all of which contributed to her being revived. CS#3 clarified that 90 North Warren was operated by **BOURDO** and drugs for the house were provided by **BOURDO**. CS#3 further stated **Brad** would be a "doorman" for whoever asked him to work. Your affiant would note that through training and experience, in conjunction with this specific investigation, a "doorman" is an individual who decides who does and does not gain entrance to a drug distribution location, and the individual working as the "doorman" often gets this position due to their knowledge of people who regularly interact with the DTO and regular customers of the DTO.

18. In or about August 2022, an interview was conducted with another cooperative source (CS#4). CS#4 also described **Brad,** who your affiant knows to be Bradford **THOMPSON**, as a "doorman" at various locations for the DTO, including locations on

Burgess, Racine, Ogden, Warren, Princeton, and Richardson. CS#4 stated **Brad** had been involved with the DTO since at least 2018. When asked about how the trash was disposed of from the main drug distribution house located at 559 South Burgess in Columbus, Ohio, CS#4 stated **Brad,** along with other individuals, would dispose of it at unknown locations. Your affiant believes these individuals would take the trash away from the residence to different locations because it contained evidence of drug trafficking.

19. Throughout the course of this investigation, your affiant has learned the drug distribution locations for the DTO would be provided "packs" multiple times a day from **WASHINGTON** or **SAULTZ**. These "packs" would generally consist of fentanyl, crack cocaine, powder cocaine, and Xanax in varying amounts.

20. On August 17, 2022, an interview of **THOMPSON** was conducted. **THOMPSON** stated he was a "drug runner" for **BOURDO**. **THOMPSON** stated he would also perform other jobs for **BOURDO** including "boosting", or stealing, for **BOURDO**. Your affiant would note throughout this investigation a "drug runner" has been explained to investigators as an individual who would deliver drugs for a distributor to individuals who have purchased drugs.

21. On August 23, 2022, another interview of **THOMPSON** was conducted. **THOMPSON** stated, in summary, he would get drugs from a source of supply which he would then use in order to test the quality of the product. After testing the product, **THOMPSON** would report back to the above noted DTO target subjects. According to **THOMPSON,** his evaluation of the drugs would determine whether the target subjects would purchase the drugs from the source of supply.

22. **THOMPSON** was further asked, in that same August 23 interview, about locations utilized by the DTO. **THOMPSON** stated when the above noted search warrant was executed on 505 South Harris on June 29, 2022, there were two other DTO houses on Harris that had drugs in them. According to **THOMPSON,** the target subjects with the DTO knew law enforcement was coming so they "put everything up" and left **THOMPSON** and another individual at a house on Midland in Columbus, Ohio with drugs. Your affiant believes "put everything up" in the context of this interview means the target subjects concealed drugs and money where they believed law enforcement would not find them. **THOMPSON** also stated at one time, he had helped **SAULTZ** acquire an apartment at a building **THOMPSON's** grandmother owned on Hague Avenue, and that **SAULTZ** then distributed drugs from this apartment. Your affiant would note investigators know **SAULTZ** to have been associated with a drug distribution location located at 598 South Hague in Columbus, Ohio, which is part of an apartment building.

23. In or about September 2022, an interview was conducted with another cooperative source (CS#5). CS#5 stated **SAULTZ** distributed drugs out of a residence on Vida Place in Columbus, Ohio. CS#5 stated the residence on Vida was searched by law enforcement, and after the DTO moved to a half double which belonged to **Brad's** grandma on Hague

Avenue. Your affiant believes **Brad** is Bradford **THOMPSON** which is further corroborated by **THOMPSON's** statement that he moved **SAULTZ** into an apartment that **SAULTZ** distributed drugs from.

## CONCLUSION

24. Based upon the information presented in this affidavit, there is probable cause to believe that on or about January 2008 to July 2022, in the Southern District of Ohio, Bradford J. **THOMPSON**, did knowingly, intentionally, and unlawfully conspire with others, to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl], propanamide, commonly referred to as "fentanyl, " a Schedule II controlled substance; a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance; a mixture or substance containing a detectable amount of cocaine base, commonly referred to as "crack," a Schedule II controlled substance; a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance; a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance; a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance; a mixture or substance containing a detectable amount of oxycodone, a Schedule II controlled substance; and a mixture or substance containing a detectable amount of alprazolam, a Schedule IV controlled substance, in violation of 21 U. S.C. §§ 841(a)(l), 841(b)(l)(C), 841(b)(2), and 846.

Trace S. Way, Special Agent
Homeland Security Investigations

Sworn to and subscribed before me this 6th day of January, 2022.

Chelsey M. Vascura
United States Magistrate Judge
United States District Court
Southern District of Ohio